UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TIRON BEANE, | Case No. 18-CV-1849 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA; RAMSEY COUNTY; RAMSEY COUNTY COURT ADMINISTRATION DEPARTMENT; and RAMSEY COUNTY COURT ADMINISTRATION PERSONNEL AND STAFF, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636.

In an Order dated July 6, 2018, this Court noted that Plaintiff Tiron Beane was ineligible for *in forma pauperis* ("IFP") status because he had accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g). (See, Order [Docket No. 3]). Beane's application to proceed IFP was denied on that basis. (Id.).

Beane was, however, given until July 27, 2018, in which to pay the $400.00 filing fee for this action. (Id.). Beane was forewarned that failure to pay the filing fee in the time allowed would result in this Court recommending that this action be dismissed without prejudice for failure to prosecute. (Id.) (citing Fed. R. Civ. P. 41(b)).

That deadline has now passed, and Beane has not paid the required filing fee. Although Beane has filed an Amended Complaint, [Docket No. 4], that Amended Complaint does not change

1

the fact that he remains ineligible for IFP status. Beane is now, as he was at the time he commenced this action, a "prisoner" for purposes of § 1915(h); his amended complaint was sent from the Hennepin County Jail, and criminal charges are pending against Beane in state court. (See, Exhibit [Docket No. 4-2]).

At least three actions filed by Beane as a prisoner in federal court have been dismissed for failure to state a claim on which relief may be granted. (See, Order [Docket No. 3]). And neither Beane's Complaint nor Amended Complaint allege him to be "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Beane therefore must pay the $400.00 filing fee for this action and is beyond the deadline previously imposed by this Court for doing so.

Accordingly, this Court now recommends, in accordance with its prior Order, [Docket No. 3], that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. See, Henderson v. Renaissance Grand Hotel, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: August 14, 2018           s/Leo I. Brisbois
                                 Leo I. Brisbois
                                 United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).